No. 39,735

MAYNARD CHURCH, *Appellee*, v. GEORGE W. BUTLER, *Appellant*.

(289 P. 2d 1064)

Opinion filed November 12, 1955.

*John W. Sowers*, of Wichita, argued the cause, and *Clarence R. Sowers*, of Wichita, was with him on the brief for appellant.

*John H. Gerety*, of Wichita, argued the cause, and *Sidney L. Foulston, Enos E. Hook*, and *Sidney L. Foulston, Jr.*, all of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for the recovery of damages resulting from a collision of automobiles. The jury returned a general verdict against the defendant and answered two special questions submitted. Later the trial court rendered judgment on the verdict in favor of plaintiff and against the defendant. Defendant's motion for a new trial and other motions were denied and he has appealed. His specification of errors covers the two questions presented in his brief: 1. That the answers of the jury acquitted defendant of the negligence pleaded in the petition; and 2. That the

trial court erred in overruling his demurrer to the plaintiff's evidence.

The petition alleged that there was a heavy rain during the evening of January 9 and the early hours of January 10, 1950, and the facts as to the occurrence of the collision of automobiles at about 2 a. m. on January 10, 1950, at a designated place in Wichita, and charged that the defendant was guilty of negligence in driving his automobile in a careless and negligent manner and permitting the right side thereof to leave the pavement and get into a muddy rut; in continuing to drive a distance of about 195 feet at a speed which endangered the lives and limbs of other occupants of the street before he got his car out of the muddy rut and back on the pavement, and in getting back on the pavement and losing control of his automobile, running it at a dangerous speed in a diagonal direction, striking the automobile in which plaintiff was riding.

The answer of the defendant was a general denial.

At the trial defendant's demurrer to plaintiff's evidence was overruled. At the close of the evidence the cause was submitted to a jury which returned a general verdict in favor of plaintiff and against the defendant and answered two questions submitted. The first answer was that defendant was guilty of negligence which was the direct or proximate cause of plaintiff's injuries. The second answer was that the specific acts of negligence were:

"Continuing on the shoulder and attempting to regain highway when blinded by oncoming lights. Knowing the highway was slick."

Defendant's post-trial motions were denied and the appeal followed.

Notwithstanding appellant assigned error on the overruling of his demurrer to plaintiff's evidence, in his brief he "suggests" the trial court erred but fails to point out wherein he believes plaintiff's proof was insufficient, nor does he further argue the claimed error. Our examination of the record leads to the conclusion the trial court did not err.

Appellant's principal argument is that a specific finding of negligence in an answer to a special question to the jury acquits the defendant of every charge of negligence alleged in the petition or mentioned in the evidence excepting that one specifically designated, and our attention is directed to a number of cases so holding but which need not be presently reviewed. The rule contended for finds support in many of our decisions. See West's Kan. Dig., Trial,

§ 365; Hatcher's Kan. Dig., Trial, § 300. The question is its application here.

An examination of the allegations of negligence in the petition and of the answer to the second special question shows merely that the jury did, not specify as negligence each and every act charged to the appellant, and did specify "when blinded by oncoming lights" not specifically pleaded as a ground of negligence. If that part of the answer as to light be ignored for the moment, the answer was that appellant was negligent in continuing on the shoulder and attempting to regain the highway knowing it was slick. No space will be devoted to showing that was a part of the negligence pleaded and charged against the appellant and no contention is made that such a finding was not supported by the evidence. While it is true that no charge of negligence was predicated on appellant's driving ahead when blinded by lights, and to that extent the answer found a ground of negligence not pleaded, that part of the answer did not have the effect of acquitting the appellant of the negligence specifically found. It is not argued that except for the blinding lights, the answers do not find grounds under which appellant is liable and no discussion need be had thereon. As to grounds of negligence pleaded and not found, the rule contended for by appellant would be of effect, but as applied to the situation now confronting us, it does not result in his being found to be without liability for the acts of negligence charged against him in the petition and found to be true by the special answer.

The judgment of the trial court is affirmed.